JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heidi Kathleen Myers,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC et al,<br><br>    Defendant. | 2:20-cv-02615-VAP-RAOx<br><br>**Order GRANTING Plaintiff's Motion to Remand (Dkt. 10).** |

    Before the Court is a Motion to Remand ("Motion") filed by Plaintiff Heidi Kathleen Myers on April 20, 2020. (Dkt. 10). Defendant FCA US LLC filed opposition on May 11, 2020 (Dkt. 15), and Plaintiff replied on May 18, 2020 (Dkt. 20). After considering all papers filed in support of, and in opposition to, the Motion, the Court deems this matter appropriate for resolution without a hearing pursuant to Local Rule 7-15. The Court GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Los Angeles.

## I. BACKGROUND

    On February 13, 2020, Plaintiff filed her initial complaint against Defendants FCA US LLC ("FCA") and Yucca Valley Chrysler Center ("Yucca Valley" and, together with FCA, "Defendants") in Los Angeles Superior Court. (Dkt. 1-2). The complaint asserts several claims under California's Song-Beverly Consumer Warranty Act against FCA only, as well as negligent repair against Yucca Valley. (*See generally id.*). Defendant FCA timely removed the action on March 19, 2020.

(Dkt. 1). Plaintiff now seeks to remand the case to state court, arguing that FCA's removal was defective and improper because FCA failed to establish the requirements of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332—diversity of citizenship and amount in controversy.[1] (*See generally* Dkt. 10-1).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. A district court has diversity jurisdiction over any civil action between citizens of different states if the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. Section 1332(a)(1) requires complete diversity, meaning that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). There is a strong presumption against removal jurisdiction, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). A "defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final

---

[1] For the reasons set forth below, the Court need not reach the parties' arguments concerning the amount in controversy.

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III. DISCUSSION

The parties do not dispute that both Plaintiff and Yucca Valley are California citizens. (*See* Dkt. 1-2 ¶ 2). FCA is an LLC whose membership consists of several "nested" LLCs, none of which claim California citizenship (Dkt. 15 at 13–14).[2] Thus, while Plaintiff and FCA are diverse from each other, Plaintiff is not diverse from Yucca Valley. Nonetheless, FCA contends removal based on diversity jurisdiction is proper, asserting Yucca Valley is a sham defendant. (Dkt. 1 ¶¶ 31–34). When there is a sufficient showing of fraudulent joinder, a court will not consider the citizenship of the fraudulently-joined party in determining whether there is complete diversity. *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). FCA argues the Court should disregard Yucca Valley's citizenship, because (1) Plaintiff is unable to state a claim for negligent repair—the only allegation against Yucca Valley—and (2) even if Plaintiff could allege negligent repair, the claim is barred by the statute of limitations. (Dkt. 15 at 16–22). The Court addresses each argument in turn.

#### A. Plaintiff's Ability to State a Claim

The Ninth Circuit recognizes "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to

---

[2] Plaintiff half-heartedly argues that Defendant fails to establish FCA's diversity and suggests FCA could be considered a citizen of California under *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). (Dkt. 10-1 at 19–20). This line of attack is without merit. (*See Arambula v. FAB4 LLC*, 2020 WL 2538932, at *1 (C.D. Cal. May 18, 2020))

3

establish a cause of action against the non-diverse party in state court.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Illinois Cent. RR. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Fraudulent joinder is established by the second method if a defendant shows that an "individual [] joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citing *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) (per curiam)) (emphasis added). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

Despite advancing several arguments, FCA has not shown that Yucca Valley "cannot be liable on any theory" on Plaintiff's negligent repair claim. *See Ritchey*, 139 F.3d at 1318.

1. <u>Economic Loss Doctrine</u>

FCA first contends that the economic loss doctrine, which precludes tort claims for purely economic damages, bars a finding of liability against Yucca Valley. (Dkt. 15 at 18). Plaintiff counters that the "component exception" to the economic loss doctrine applies here. (Dkt. 10-1 at 17–18). Under the component

4

exception, "California decisional law has long recognized that the economic loss rule does not necessarily bar recovery in tort for damage that a defective product (*e.g.*, a window) causes to other portions of a larger product (*e.g.*, a house) into which the former has been incorporated." *See Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002). Based on this principle, a manufacturer of a defective component still may be liable for a tort claim for damage that the defect causes to other parts of the product. *See id.*

Numerous courts in this District have held that the component exception enables plaintiffs to assert claims against car dealerships. *See Viramontes v. FCA US LLC*, 2020 WL 2318203, at *4 (C.D. Cal. May 11, 2020) (collecting cases) ("Plaintiffs have alleged that various components of the Vehicle are defective. Because such defects may have caused damage to the rest of the Vehicle, the economic loss rule does not entirely preclude Plaintiffs' negligent repair claim."). Here, Plaintiff has alleged defects to several components of her vehicle, including the u-joint and exhaust manifolds. (Dkt. 1 ¶ 10).

California law also recognizes an exception to the economic loss doctrine where there is negligent performance of services. Courts in this district have held that "it is not obvious under California law that Plaintiffs' negligent repair claim . . . is barred by the economic loss rule." *Barillas v. FCA US LLC et al.*, 2019 WL 2865925, *2 (C.D. Cal. July 2, 2019); *see also Saldivar v. FCA US LLC*, 2019 WL 5310188, *2 (C.D. Cal. Oct. 21, 2019) (noting that "California courts have recognized an exception to the economic loss rule in cases involving negligent performance of services," so "a possibility exist[ed] that a state court would find that Plaintiffs [had] state[d] a viable cause of action against" the defendant and

5

therefore concluding that joinder was not fraudulent and plaintiff's motion to remand should be granted).

In sum, FCA has not shown that the economic loss rule renders recovery against FCA impossible. The Court does not decide whether Plaintiff's allegations absolutely overcome the economic loss rule, as that is not the issue presented. "[T]he question is not whether the current allegations state a claim, but whether it would be possible for plaintiff to amend with additional allegations that could state a claim." *Graciella Carrillo, et al. v. FCA US LLC, et al.*, No. EDVC 20-481 JGB-SHK(x), 2020 Minute Order, p. 3 (C.D. Cal. May 1, 2020) (citing *Gayou v. Ford Motor Co.*, 2019 WL 1325846, at *3 (C.D. Cal. Mar 25, 2019). Thus, even if Plaintiff has not pled the exception to the economic loss doctrine adequately in her original complaint, it is not clear that Plaintiff could not do so through amendment.

2. <u>Sufficiency of Plaintiff's Allegations</u>

Next, FCA argues that Plaintiff failed to allege adequately the elements of negligent repair, apparently confusing the present inquiry with the standard for a Rule 12(b)(6) motion. As discussed above, the Court need only determine "whether there is a possibility that" Plaintiff can state a claim. *See Diaz*, 185 F.R.D. at 586. Moreover, it is not clear that Plaintiff's allegations are as bareboned as FCA suggests. "One who undertakes repairs has a duty arising in tort to do them without negligence." *Sw. Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1020 (9th Cir. 1970). To establish a claim for negligent repair, a plaintiff need only plead and prove that a defendant repaired the product, the defendant was negligent in repairing product, plaintiff was harmed, and defendant's negligence was a substantial factor in causing plaintiff's harm. *See* Judicial Council Of California

6

Civil Jury Instruction 1220.  Plaintiff alleges each of these elements (*see* Dkt. 1-2 ¶¶ 34–37).  The Court finds that, even if the current complaint lacks details, it is possible that Plaintiff could amend the complaint to articulate a negligent repair claim against Yucca Valley.

### 3. Actual Fraud in the Pleadings

Finally, in its Notice of Removal, FCA casts doubt on Plaintiff's good faith in naming Yucca Valley as a defendant, stating that it "believes Plaintiff has no intention of prosecuting this claim against Yucca Valley." (Dkt. 1 ¶ 32).  It provides no basis for this belief.  FCA further claims "it is evident [Plaintiff's negligent repair claim] is only brought to defeat the claim of diversity and removal to Federal Court," because "FCA's counsel's vast litigation experience in opposing these types of cases has been that individual dealerships have not been regularly sued." (*Id.* ¶ 32).  "This is, to put it mildly, unpersuasive: that counsel has not seen such a defendant joined before in no way establishes that the defendant was fraudulently joined." *Arambula*, 2020 WL 2538932, at *2.

In fact, counsel's intimation of bad faith appears misdirected.  As Judge Carney wrote earlier this year, FCA's claims are "surprising given . . . this experience includes at least nine cases in the last year alone where courts in this district have remanded cases because FCA failed to meet its burden to show that a local dealership was fraudulently joined." *Valenciano v. FCA US LLC*, 2020 WL 1699552, at *3 (C.D. Cal. Apr. 8, 2020) (remanding a similar lawsuit, "remind[ing] FCA's counsel of the obligation of an attorney under Rule 11 of the Federal Rules of Civil Procedure not to remove a case to federal court unless it has a factual and legal basis for doing so," and stating "the Court will consider imposing sanctions if

another similar case is wrongfully removed to federal court after the filing of this order.").

### B.  Statute of Limitations

FCA's removal papers allege "Plaintiff's claims are further barred by the statute of limitations." (Dkt. 1 ¶ 34). Specifically, FCA argues that Plaintiff purchased the vehicle at issue in June 2011, at which time she "received an express written warranty, including a 3-year bumper to bumper warranty and 5-year powertrain warranty." (*Id.*). Plaintiff filed this lawsuit on February 13, 2020, "nearly nine years after purchase and six years after the 3-year the bumper to bumper warranty expired." (*Id.*). "Furthermore, any cause of action for damages caused by the alleged negligence of another must be brought within two years of the alleged wrongful conduct. (Cal. Code of Civ. Proc., § 335.1) The last time Plaintiff presented the subject vehicle to Yucca Valley for any warranty-related visit was June 10, 2017. Thus, the last day Plaintiff could have brought the negligent repair claim against Yucca Valley was June 10, 2019, but Plaintiff's Complaint was filed eight months later." (Dkt. 15 at 21).

FCA's arguments rely on documents beyond the pleadings, including attachments to FCA's opposition to the Motion, to establish when Plaintiff most recently presented her vehicle to Yucca Valley for repair. (*See* Dkt. 15 at 21). "In ruling on a remand motion, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal notice." Phillips & Stevenson, Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Cal. & 9th Cir. Ed.) § 2:3755 (2020). The complaint and removal notice merely allege that "Plaintiff delivered the subject vehicle to Defendant Yucca for substantial repair

on at least one occasion." (Dkt. 1-2 ¶ 34). Based on these documents and bearing in mind Defendants' burden to demonstrate removal is proper, the Court cannot find the statute of limitations bars Plaintiff's negligent repair claim.

In sum, Defendant FCA has not shown that Plaintiff is unable "to establish a cause of action against the non-diverse party in state court," *Hunter*, 582 F.3d at 1044, and therefore has failed to meet its "heavy burden" to rebut the "general presumption against [finding] fraudulent joinder[,]" *GranCare*, 889 F.3d at 548. The Court also declines to drop Yucca Chrysler as a defendant pursuant to Rule 21 and, accordingly, grants Plaintiff's Motion.

## IV. CONCLUSION

The Court therefore GRANTS the Motion and REMANDS the action to the California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

Dated: 6/3/20

Virginia A. Phillips
Chief United States District Judge